UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONOR NETWORK WEST,<br><br>         Plaintiff,<br> v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services;<br><br>STEPHANIE CARLTON, in her official capacity as Acting Administrator of the Centers for Medicare & Medicaid Services;<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, CENTERS FOR MEDICARE & MEDICAID SERVICES,<br>         Defendants. | Case No. 3:25-cv-00140-ART-CSD<br><br>ORDER ON MOTION TO INTERVENE<br><br>(ECF Nos. 38, 40, 41) |

   Nonparty Renown Health seeks to intervene in this matter and participate telephonically in the hearing set for Wednesday, March 26, 2025, at 1:00pm. On timely motion, a court must allow intervention by a movant who claims an interest that may be impaired by resolution of the case, where current parties inadequately represent the movant's interests. Fed. R. Civ. P. 24(a)(2); *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011).

   Renown has satisfied the showing required for mandatory intervention. Renown's motion is timely, when considering the early stage of the litigation and the accelerated briefing schedule requested by Plaintiff. (*See* ECF Nos. 13, 19, 36.) Renown has a protectable interest in this case because this case is about a waiver that Defendants granted to Renown, (*see* ECF No. 1-1), which Plaintiff seeks to dissolve. Additionally, the outcome of this action could impair Renown's ability to protect its interest—if, for instance, the Court finds that Defendants

1  illegally granted the waiver and blocks it from taking effect.

2      Finally, Renown's interests in the outcome of this litigation sufficiently differ from Defendants'. For this factor, courts consider the interests of the parties present, including whether a "would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). Renown's stakes in the waiver underlying this case, including the timing of the waiver implementation and "operational contractual burdens" involving Renown's switch to a different organ procurement organization, (*see* ECF No. 41 at 6), satisfy this element. *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 823 (finding that "interests of government and the private sector may diverge" and that private party would "offer important elements to proceedings that the existing parties would likely neglect"). This case ultimately concerns a waiver applied for by Renown, for reasons known by Renown, so Renown should be able to present its position.

**CONCLUSION**

Accordingly, the Court grants Renown's Emergency Motion to Intervene (ECF No. 41) and finds its earlier motion moot (ECF No. 38).

The Court grants Renown's Motion for Leave to Appear Telephonically (ECF No. 40) at the hearing set for Wednesday, March 26, 2025, at 1:00pm.

DATED THIS 24th day of March, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2