# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONOR NETWORK WEST,

 *Plaintiff*,

v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, STEPHANIE CARLTON, in her official capacity as Acting Administrator of the Centers for Medicare & Medicaid Services, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, CENTERS FOR MEDICARE & MEDICAID SERVICES,

 *Defendants.*

RENOWN HEALTH,

 *Intervenor*.

Case No. 3:25-cv-00140

**ORDER GRANTING**

**JOINT MOTION TO ESTABLISH BRIEFING**

Pursuant to Federal Rule of Civil Procedure 7(b) and Local Rule 7-2, Plaintiff, Defendants, and Intervenor in this matter jointly move to establish a briefing schedule as described below.

1. On December 19, 2024, Defendants issued a final decision approving Renown's request for a waiver to work with an organ procurement organization outside the designated service area served by Plaintiff Donor Network West. *See* 42 U.S.C. § 1320b-8(a)(2)(A); 42 C.F.R. § 486.308(e).

2. On March 7, 2025, Donor Network West filed this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, asking this Court to vacate the waiver decision as invalid or enjoin implementation and/or enforcement of the waiver decision. Shortly thereafter, Donor Network West moved for preliminary relief.

3. On March 24, 2025, this Court granted Renown Health's motion to intervene.

4. On March 31, 2025, this Court denied Plaintiff's motion for preliminary relief.

5. Because review of final agency action under the APA is generally limited to the administrative record, the parties agree that the merits of this case should be decided on cross-motions for summary judgment. "Courts routinely resolve APA challenges to an agency's administrative decision by summary judgment." *Path Am. KingCo LLC v. U.S. Dep't of Homeland Sec.*, 426 F. Supp. 3d 770, 775 (W.D. Wash. 2019); *see, e.g.*, *Friends of Animals v. Silvey*, 353 F. Supp. 3d 991 (D. Nev. 2018), *aff'd*, 820 F. App'x 513 (9th Cir. 2020).

6. The parties therefore respectfully request that the Court establish the following, agreed-upon schedule for summary judgment briefing:

- Defendants will file the certified index to the public record and produce any administrative record materials that are not available on the public rulemaking docket by May 27, 2025.

- Plaintiff will file its motion for summary judgment by June 26, 2025, not to exceed 30 pages.

- Defendants will file a combined cross-motion for summary judgment and opposition to Plaintiff's motion by August 25, 2025, not to exceed 30 pages.

- Intervenor will file a combined cross-motion for summary judgment and opposition to Plaintiff's motion by August 25, 2025, not to exceed 30 pages.

- Plaintiff will file a combined reply in support of its motion and opposition to defendants' and intervenor's cross-motions by September 24, 2025, not to exceed 20 pages.

- The parties will file a joint appendix containing record materials cited in their respective briefs by October 1, 2025.

7. The parties agree that this schedule will be without prejudice to Defendants seeking leave to file a reply should Plaintiff's opposition to Defendants' cross-motion raise new arguments or other materials that warrant a response.

8. The parties respectfully request that Defendants' and Intervenor's deadline to respond to Plaintiff's complaint be stayed pending the Court's ruling on the parties' cross-motions for summary judgment.

9. There is good cause to grant the relief requested because the parties' joint proposal would conserve both the Court's and the parties' resources by consolidating all of the issues into a single round of briefing.

**IT IS SO ORDERED**.

_____
Anne R. Traum
United States District Judge

DATED:  May 5, 2025